IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. C 08-5725 SBA |
| Plaintiff, | **ORDER** |
| v. | **[Docket No. 27]** |
| CITY OF ARCATA; and CITY OF EUREKA, | |
| Defendant; | |
| v | |
| VOTE YES ON MEASURE F AND J COMMITTEE | |
| Applicant for Intervention. | |

This matter is before the Court on Applicant's Motion to Intervene as a Defendant [Docket No. 15], Plaintiff's Opposition [Docket No. 27], Applicant's Reply [Docket No. 29], City of Eureka's Statement of Non-Opposition [Docket No. 22], and the City of Arcata's Statement of Non-Opposition [Docket No. 24]. Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.

## **BACKGROUND**

On November 24, 2008, the voters of the City of Arcata passed Ballot Measure F and the voters of the City of Eureka passed Ballot Measure J (the "Measures"). Each ballot enacts an identical ordinance:

> No person who is employed by or an agent of the United States government shall, within the City of [Arcata or Eureka], in the execution of his or her job duties, recruit, initiate contact with for the purposes of recruiting, or promote the future enlistment of any person under the age of eighteen into any branch of the United States Armed Forces.

The United States filed a complaint on December 23, 2008, seeking invalidation of these ordinances under the Supremacy clause of the federal constitution. Defendants and Counterclaimants are the cities of Arcata and Eureka ("Cities"), which seek declaratory and

injunctive relief against the United States. The Applicant for Intervention in this action is the "Vote Yes on Measure F and J Committee" ("Committee"). The Committee consists of members of the campaign committees that sponsored the two initiatives. The voters of Arcata passed Measure F with 72.7% of the voters in favor of the measure. The voters of Eureka passed Measure J with 56.7% of the voters in favor of the measure. [Decl. of David Meserve, ¶¶ 5, 7]. The Committee is strongly committed to defending the initiatives and believes an important element in defending the measures is the claim that the Iraq war and occupation are illegal, and that recruiting minors to serve in an illegal conflict may be illegal. [Decl. David Meserve, ¶ 8].

Both the City of Arcata and the City of Eureka filed statements of non-opposition to the Committee's motion for intervention. The United States, though opposed to the Committee's intervention as a party, would not object if the Committee requested permission to participate as an *amicus* in this action. [Opp'n, p. 1, fn.1].

### **LEGAL STANDARD**

**A.    Intervention as of Right.**

In those situations not covered by an unconditional statutory right to intervene under Rule 24(a)(1), Rule 24(a)(2), sets forth a four-part test for intervention as a right: (1) the intervention application is timely; (2) the applicant has a "significant protectable interest relating to the property or transaction that is the subject of the action"; (3) "the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest"; and (4) "the existing parties may not adequately represent the applicant's interest." Although the party seeking to intervene bears the burden of showing those four elements are met, "the requirements for intervention are broadly interpreted in favor of intervention." *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006); *see also Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998).

**B.    Permissive Intervention.**

Under Fed. Rule Civil Procedure 24(b), the Court may grant a timely motion to intervene if it is brought by one who is (1) given a conditional right to intervene by a federal statute; or (2) has a claim or defense that shares with the main action a common question of law or fact.

The proposed intervenor bears the burden to demonstrate that it has satisfied the

2

requirements for intervention. *Prete*, 438 F.3d at 954.

**DISCUSSION**

**A.     Intervention as of Right.**

Plaintiff contends the Committee cannot demonstrate that "the existing parties may not adequately represent the applicant's interest." *Prete*, 438 F.3d at 954.

"When an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). There is also an assumption of adequacy when the government is acting on behalf of a constituency that it represents. *Id.* If the absentee's interest is identical to that of one of the present parties, or if there is a party charged by law with representing the absentee's interest, then a compelling showing should be required to demonstrate why this representation is not adequate. 7C Wright, Miller & Kane, § 1909, at 427 (2007).

Here, the Committee concedes it and the Cities have common claims and defenses, with common questions of law and fact. Thus, under *Arakaki*, both the intervenor and the present parties have the same ultimate objective – the defense of the ordinances – thereby raising a presumption of adequacy. However, the Committee contends it presents additional and unique claims regarding the illegality of current United States military actions, and for this reason, should not have to rely on the cities for adequate representation.

The Court considers three factors in evaluating whether an existing party adequately represents the intervenor's interests: (1) whether the interests of the existing party and the intervenor are sufficiently similar that the existing party would undoubtedly make the same legal arguments as the intervenor; (2) whether the existing party is capable and willing to make such arguments; and (3) whether the intervenor would add some necessary element not covered by the existing parties to the proceedings. *Blake v. Pallan*, 554 F.2d 947, 954-55 (9th Cir.1977); *Bates v. Jones*, 904 F.Supp. 1080, 1086-1087 (N.D.Cal.1995).

For the following reasons, the Court finds that the Cities adequately represent the Committee's interest and there is no intervention as of right. First, the interests of the Cities and the Committee, as expressed by the counterclaims proposed in the applicant's Exhibit B, are virtually

3

identical.  The two additional claims raised by the Committee – under the right of privacy and the fundamental right of parents to protect their children – are explicitly referred to throughout the Cities' pleadings, to the extent that the Cities can be expected to make the same legal arguments as the Committee.   Next, the sole argument the Committee believes the Cities do not intend to make is that the Iraq war and occupation are illegal, and recruiting minors to serve in an illegal conflict may, in itself, be illegal. [Meserve Decl. ¶¶ 8-9].  However, even if this argument represents a distinct interest of the Committee's, it is not necessary to resolving any of the substantive legal arguments before the Court.

The Court has considered the three factors in evaluating the adequacy of representation of the intervenor's interest by an existing party.  However slight the burden is on the Committee to show that representation of its interest "may" be inadequate, it has not met it, and Rule 24 intervention as a matter of right is DENIED.

**B.     Permissive Intervention.**

A court may grant permissive intervention where the Applicant shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common.  *Northwest Forest Resource Council v. Glickman,* 82 F.3d 825, 839 (9th Cir. 1996); *Southern California Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002).  Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention*.  So. Cal Edison*, 307 F.3d at 803.

In the instant case, the applicant's motion is timely and its counterclaims clearly have a question of law or fact in common with the main action.  The Committee contends that because it has a protectable interest in the outcome of the litigation challenging their initiative, it has independent grounds for jurisdiction.  Plaintiff contends the Committee does not qualify for permissive intervention because it lacks standing to proceed as a defendant or counterclaim plaintiff and thus cannot show an independent ground for jurisdiction.  The issue of whether a party seeking to intervene must satisfy not only the requirements of Rule 24 but also the standing requirements of Article III is unsettled.  *Day v. Sebelius,* 376 F.Supp.2d 1022, 1030 (D.Kan. 2005).   Contrary to the plaintiff's assertion, the Supreme Court did not resolve the issue in *Diamond v. Charles*, 476 U.S.

4

54, 66 (1986). "[T]he precise relationship between the interest required to satisfy the Rule and the interest required to confer standing, has led to anomalous decisions in the Courts of Appeals. We need not decide today whether a party seeking to intervene before a District Court must satisfy not only the requirements of Rule 24(a)(2), but also the requirements of Art. III." *Id*. at 68-69 (internal citations omitted). The Committee does not address whether it meets the requirements of Article III standing in its reply brief, and this Court's view is that permissive intervention requires standing. However, even if the Committee had made a sufficient showing to qualify for permissive intervention, the decision to grant it remains entirely within the Court's discretion. As discussed above, the sole issue on which the Committee wishes to be heard is not sufficiently central to this court's resolution of the plaintiff's complaint or the existing counterclaims to warrant intervention as a party to ongoing litigation. The Committee may, nevertheless, be heard as an amicus curiae and the Court gives the Committee leave to file briefs in any pending motions in this action.

## **CONCLUSION**

For the reasons discussed above, the Applicant's motion to intervene is DENIED and the Applicant is GRANTED LEAVE to be heard as an amicus curiae without further motion.

IT IS SO ORDERED.

Dated: 5/6/09

SAUNDRA BROWN ARMSTRONG
United States District Judge

5