1  MICHAEL F. HERTZ
   Acting Assistant Attorney General
2  JOSEPH P. RUSSONIELLO
   United States Attorney
3  ARTHUR R. GOLDBERG
   Assistant Branch Director
4  JOEL McELVAIN, State Bar No. 257736
   Senior Counsel
5  U.S. Department of Justice
   Civil Division, Federal Programs Branch
6  450 Golden Gate Ave., Room 7-5395
   San Francisco, CA 94102
7  Telephone:   (415) 436-6645
   Fax:         (415) 436-6632
8  Email:       Joel.McElvain@usdoj.gov

9  Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF ARCATA and CITY OF EUREKA, ) <br> ) <br> Defendants. ) <br> ) <br> VOTE YES ON MEASURES F AND J ) <br> COMMITTEE, ) <br> ) <br> Applicant for Intervention. ) <br> _____) <br> CITY OF ARCATA and CITY OF EUREKA, ) <br> ) <br> Counterclaim Plaintiffs, ) <br> ) <br> UNITED STATES OF AMERICA; ROBERT S. ) <br> GATES, in his official capacity as United States ) <br> Secretary of Defense; DAVID S. CHU, in his ) <br> official capacity as United States Under Secretary ) <br> of Defense for Personnel and Readiness; and ) <br> DOES 1 through 10, inclusive, ) <br> ) <br> Counterclaim Defendants. ) | Case No. C 08-5725 SBA <br><br> **Order Granting Motion for Judgment on the Pleadings** <br><br> Date:     June 9, 2009 <br> Time:     1:00 p.m. <br> Location: Courtroom 3, Oakland |

This matter is before the Court on the motion of the plaintiff, the United States of America, for judgment on the pleadings against the defendants, the City of Arcata and the City of Eureka. The United States contends that each city has enacted an ordinance that violates the Supremacy Clause of the United States Constitution, U.S. Const., art. VI, cl. 2. Upon consideration of the plaintiff's motion and the papers in support thereof and in opposition thereto, the Court has determined that the United States is entitled to the relief that it requests.[1]

In the 2008 general election, the electorate of the City of Arcata and the electorate of the City of Eureka enacted materially identical ordinances. The operative language of each ordinance reads:

> No person who is employed by or an agent of the United States government shall, within the City of [Arcata or Eureka], in the execution of his or her job duties, recruit, initiate contact with for the purposes of recruiting, or promote the future enlistment of any person under the age of eighteen into any branch of the United States Armed Forces.

Arcata, California, Ballot Measure F (2008); Eureka, California, Ballot Measure J (2008).

Each ordinance purports to subject federal employees or agents who violate its terms to civil fines:

> Any military recruiter who violates this Ordinance, as well as his or her commanding officer, shall be held responsible for said violation. Both shall be deemed guilty of an infraction and shall be subject to the penalties stated in the [Arcata or Eureka] Municipal Code. [citations omitted]. A citizen complaint of any unsolicited military recruiting activity involving people under the age of eighteen shall initiate investigation and possible citation by the [Arcata or Eureka] Police Department for violation of this Ordinance. If recruiters violate this Ordinance five or more times within one month, military recruiting of persons under the age of eighteen shall be deemed a public nuisance and shall be summarily abated. [citation omitted].

Id.

---

[1] Plaintiffs acknowledge the United States has adopted age 17 as the minimum age for military recruitment and assert they will limit their enforcement of the ordinances to the extent they are consistent with federal law, including the 17 year minimum age. [Opp'n Briefs]. However, this Court must address the Ordinances as they were passed by the voters of Arcata and Eureka.

Absent relief from this Court, the Cities intend to enforce their ordinances against the federal government.

The ordinances violate the Supremacy Clause for four reasons. First, they seek to subject the conduct of the federal government directly to local government control, in violation of the principle of intergovernmental immunity announced in *McCulloch v. Maryland*, 17 U.S. (4 Wheat) 316 (1819) (holding "the states have no power, by taxation or otherwise, to retard, impede, burden, or in any manner control, the operations of the constitutional laws enacted by congress to carry into execution the powers vested in the general government"). By their express terms, the ordinances purport to regulate the military recruiting efforts of employees or agents of the federal government. For example, "no person who is employed" by the federal government "shall . . . in the execution of his or her job duties, recruit, initiate contact with for the purpose of recruiting, or promote enlistment" of persons under eighteen. Moreover, "any military recruiter who violates [the ordinances], as well as his or her commanding officer [ . . . ] shall be deemed guilty of an infraction and shall be held subject to the penalties stated in the [Cities'] municipal code."

A local prohibition on a federal employee's exercise of his job duties, in this case military recruitment, must be said to directly regulate the activities of the federal government because the exercise of the government's constitutional powers is necessarily through its employees and agents. *Tennessee v. Davis*, 100 U.S. 257, 263 (1879) (holding that the "general government . . can act only through its officers and agents, and they must act within the States."). Because a military recruiter who attempts to discharge his or her official duties is subject to civil penalties, the exercise of federal duties is clearly "impede[d], burden[ed], or in any manner control[led]" so as to violate *McCulloch* and invalidate the Acts under the Supremacy Clause.

Second, the ordinances subject the federal government to discriminatory treatment by purporting to prohibit actions by federal employees or agents that are permitted for private persons; this again violates the principle of intergovernmental immunity. *See North Dakota v. United States*, 495 U.S. 423, 434-35 (1990) (plurality opinion).

Third, the ordinances are invalid under principles of field preemption; they seek to regulate a field that is reserved exclusively to the federal government, namely the regulation of the manner in which the federal government recruits members of the national armed forces. *See e g.*, 10 U.S.C. § 505(a) (regulating the minimum and maximum ages for enrollment in the military); 10 U.S.C. § 503(a)(1) (directing the intensive recruiting campaigns to obtain enlistments in the defensive units); *Perpich v. Department of Defense*, 496 U.S. 334, 353 n. 27 (1990).  Courts recognize that "Congress' power in this area is broad and sweeping." *Rumsfeld v. Forum for Academic and Institutional Rights, Inc.*, 547 U.S. 47 58 (2006).

Fourth, the ordinances are invalid under principles of conflict preemption, as Congress has declared a national policy in favor of recruiting persons for voluntary enlistment in the armed forces, and the ordinances aim to frustrate that Congressionally declared objective. *See United States v. City of Philadelphia*, 798 F.2d 81, 88-89 (3d Cir. 1986) (invalidating a local rule that prohibited military recruitment at a law school because it conflicted "with a clearly discernible Congressional policy concerning military recruitment on the campuses of this nation's colleges and universities"). *See also, Pacific Gas & Elec. Co. v. State Energy Resources Conserv and Dev. Comm'n*, 461 U.S. 190, 204 (1983) (conflict preemption occurs when an actual conflict between state and federal law exists); *Florida Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 142-143 (1963) (holding a conflict exists when compliance with both state and federal law would be a physical impossibility); *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941) (a conflict exists

1  when state law stands as an obstacle to the accomplishment and execution of the full
2  purposes and objectives of Congress).

3      The Court accordingly ORDERS that the motion for judgment on the pleadings is
4  granted; and further

5      DECLARES that Arcata, California, Ballot Measure F (2008), and Eureka,
6  California, Ballot Measure J (2008), violate the Supremacy Clause of the United States
7  Constitution, and are invalid, and further

8      ORDERS that the defendant, the City of Arcata, California, and its successors,
9  agents, and employees, are hereby permanently enjoined to cease and desist from the
10 enforcement of the ordinance that was enacted by Arcata, California, Ballot Measure F
11 (2008); and further

12     ORDERS that the defendant, the City of Eureka, California, and its successors,
13 agents, and employees, are hereby permanently enjoined to cease and desist from the
14 enforcement of the ordinance that was enacted by Eureka, California, Ballot Measure J
15 (2008).

16 IT IS SO ORDERED.

18 Dated: 6/17/09

21            *Saundra B Armstrong*
              THE HON. SAUNDRA BROWN ARMSTRONG
22            United States District Judge