MICHAEL F. HERTZ  
Acting Assistant Attorney General  
JOSEPH P. RUSSONIELLO  
United States Attorney  
ARTHUR R. GOLDBERG  
Assistant Branch Director  
JOEL McELVAIN, State Bar No. 257736  
Senior Counsel  
U.S. Department of Justice  
Civil Division, Federal Programs Branch  
450 Golden Gate Ave., Room 7-5395  
San Francisco, CA 94102  
Telephone:   (415) 436-6645  
Fax:              (415) 436-6632  
Email:          Joel.McElvain@usdoj.gov  

Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF ARCATA and CITY OF EUREKA, <br><br> Defendants. <br> VOTE YES ON MEASURES F AND J COMMITTEE, <br><br> Applicant for Intervention. | Case No. C 08-5725 SBA <br><br> **Order Granting Motion to Dismiss the Counterclaims** <br><br> Date:       June 9, 2009 <br> Time:       1:00 p.m. <br> Location:  Courtroom 3, Oakland |
| CITY OF ARCATA and CITY OF EUREKA, <br><br> Counterclaim Plaintiffs, <br><br> UNITED STATES OF AMERICA; ROBERT S. GATES, in his official capacity as United States Secretary of Defense; DAVID S. CHU, in his official capacity as United States Under Secretary of Defense for Personnel and Readiness; and DOES 1 through 10, inclusive, <br><br> Counterclaim Defendants. | |

This matter is before the Court on the motion of the plaintiff, the United States of America, to dismiss the counterclaims asserted against it by the defendants, the City of Arcata and the City of Eureka.  The United States argues that the Cities lack standing to raise the claims asserted in the counterclaims.  Upon consideration of the plaintiff's motion and the papers in support thereof and in opposition thereto, the Court has determined that the United States is entitled to the relief that it requests.

The counterclaims assert that military recruiting efforts conducted by employees or agents of the federal government violate a series of constitutional rights held by the cities' residents.  The counterclaims, however, do not assert that the Cities themselves have suffered any injury that was caused by the federal government's purported constitutional violations.

In order for the Cities to meet their burden to show that they have Article III standing to pursue the counterclaims, they must show, *inter alia*, that they have suffered an injury-in-fact, that is, the "invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Preminger v. Peake*, 552 F.3d 757, 763 (9th Cir. 2008).  The Cities do not allege that they have suffered any particularized injury.

Instead, the Cities rely on allegations of "media reports of abuses by military recruiters around the country," Counterclaim ¶ 12, and "a belief that a 16-year old Eureka girl walking on the street was accosted and harassed by military recruiters who initiated communications with her while driving by in a vehicle." [Id. ¶ 12].  A city may have standing to redress violations of proprietary interest. *City of Sausalito v. O'Neill,* 386 F.3d 1186 (9th Cir. 2004) (e. g. proprietary interests in land-use and health regulations, revenue collection and taxation, protection of natural resources, habitats of endangered species).  However, the interest alleged here – the proprietary interest in protecting the youth of Arcata and Eurekea – is not a recognized proprietary interest for the purpose of

1 demonstrating Article III standing.  The counterclaims thus do not present a case or
2 controversy, and this Court lacks jurisdiction over the counterclaims.
3     The Court accordingly ORDERS that the motion to dismiss the counterclaims is
4 granted; and further ORDERS that the counterclaims asserted by the City of Arcata and
5 the City of Eureka are dismissed for lack of subject matter jurisdiction.
6 IT IS SO ORDERED.

8 Dated: 6/17/09

_____
THE HON. SAUNDRA BROWN ARMSTRONG
United States District Judge